UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JIMMY DELL BOWEN,

    Petitioner,

-vs-                                                      Case No. 8:08-CV-1005-T-30TGW

FLORIDA PAROLE COMMISSION, et al.,

    Respondents.
_____/

## ORDER

Petitioner, an inmate of the Florida penal system proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (hereinafter "petition") challenging his imprisonment following Respondent's revocation of his conditional release on January 18, 2006 (Dkt. 1).[1]

---

[1] The Court construes the petition as a 28 U.S.C. § 2241 petition for writ of habeas corpus pursuant to *Peoples v. Chatman*, 393 F.3d 1352, 1353 (11th Cir.2004) (per curiam), where the Eleventh Circuit stated that a federal habeas corpus petition challenging the actions of a state parole commission, was properly brought pursuant to 28 U.S.C. § 2241, but was subject to the rules and restrictions set forth in 28 U.S.C. § 2254. *See also, Heard v. Crosby23*, 2005 WL 1712306 (M.D. Fla., July 18, 2005).

    Under the circumstances of this case, this court's characterization of Petitioner's petition as one filed pursuant to 28 U.S.C. § 2241 is largely a distinction without a difference, as a federal court's "authority to grant habeas relief" to prisoners in custody pursuant to convictions imposed by a state court "is limited by § 2254, which specifies the conditions under which such relief may be granted." *Felker v. Turpin*, 518 U.S. 651, 652 (1996). Thus, any habeas petition filed by a state inmate is subject to each of the procedural limitations imposed on § 2254 petitions. *Id. See also, Medberry v. Crosby*, 351 F.3d 1049, 1054 n.5 (11th Cir.2003)(there is but one habeas corpus remedy for those imprisoned pursuant to a State court judgment, and it is governed by both § 2241 and § 2254; for those imprisoned pursuant to a State court judgment, the habeas corpus remedy is authorized by § 2241, but is subject to § 2254 and all of its attendant restrictions).

**Procedural Background**

On October 12, 1993, Petitioner was convicted of second degree murder, attempted first degree murder, and carrying a concealed firearm (Dkt. 9, Ex. A). He was sentenced to 40 years in prison with a 3 year minimum mandatory (Id.). On September 28, 1998, his sentence was amended to 17 years in prison with a 3 year minimum mandatory (Id.).

On April 1, 2001, Petitioner was released from custody on conditional release, subject to condition of supervision, despite Petitioner's refusal to sign Respondent's Certificate of Conditional Release and Terms and Conditions of Supervision form (Dkt. 9, Ex. C). On June 6, 2001, Petitioner did sign Respondent's Certificate of Conditional Release and Terms and Conditions of Supervision form, but noted that he signed "under duress." (Id.).

On August 10, 2001, Respondent issued a warrant for retaking Petitioner for alleged violations of supervision (Dkt. 9, Ex. D). The warrant was amended on November 20, 2001 (Dkt. 9, Ex. E). Petitioner was given notice indicating his Conditional Release violation hearing was scheduled for August 24, 2005 (Dkt. 9, Ex. F). Petitioner requested appointment of counsel to represent him at the hearing; however, the request was denied (Dkt. 9, Ex. G). Petitioner requested a continuance of the hearing in order to retain private counsel, and the request for a continuance was granted (Id.). The hearing was rescheduled for September 9, 2005 (Id.). However, at that time Petitioner informed Respondent that he had retained counsel, but she failed to appear at the hearing (Id.). The Respondent contacted the attorney who confirmed that she had been retained to represent Petitioner (Id.). After Petitioner's attorney requested and was granted two continuances, the hearing was rescheduled for

November 9, 2005 (Id.). Respondent informed Petitioner's attorney that if she failed to appear at the November 9, 2005 hearing that the hearing would proceed without her (Id.). The hearing was held on November 9, 2005, and Petitioner's attorney failed to appear for the hearing, and did not contact Respondent to explain why she failed to appear at the hearing (Id.). Therefore, the hearing proceeded without the presence of Petitioner's attorney (Id.). The hearing examiner found Petitioner guilty of violating Condition 2(a) of his conditional release supervision by changing his residence; and four times violating Condition 8(d) of his conditional release supervision by failing to report to a drug evaluation, failing to attend alcohol anonymous meetings, changing his employment without first securing permission from his probation officer, and failing to keep an appointment with his probation officer (Id.). The hearing examiner recommended revocation of Conditional Release (Id.).

On January 18, 2006, Respondent revoked Petitioner's Conditional Release (Dkt. 9, Ex. H). On or about May 8, 2006, Petitioner filed his state petition for writ of habeas corpus in the First District Court of Appeal (Dkt. 9, Ex. I). The state petition was transferred to the Circuit Court of the Fourteenth Judicial Circuit, Gulf County, Florida (Id.). On November 13, 2006, the circuit court denied Petitioner's state petition for writ of habeas corpus (Dkt. 9, Ex. M). Petitioner appealed the order denying his state habeas petition, and the First District Court of Appeal, Florida, treated the appeal as a petition for writ of certiorari (Dkt. 9, Ex. N). On October 4, 2007, the First District Court of Appeal denied Petitioner's petition for writ of certiorari (Dkt. 9, Ex. R).

On May 21, 2008, Petitioner filed the instant federal habeas petition (Dkt. 1), and an appendix with memorandum of law (Dkt. 2). Petitioner's petition raises three grounds for relief:

1. His constitutional right to be free from an ex post facto application of the law was violated.

2. His due process rights were violated because he was denied counsel at the revocation hearing.

3. His constitutional right to the free exercise of religion was violated.

Respondent filed a response to the petition (Dkt. 9). Petitioner filed a reply to the response (Dkt. 10).

**Standard of Review**

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). It is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." *Id. Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

**Discussion**

**Ground One**

Petitioner argues that subjecting him to the amended standard and special conditions of his conditional release that were not in effect on the date he committed his crime violated the Ex Post Facto Clause of the United States Constitution (Dkt. 1 at pg. 6). Specifically, Petitioner argues that the Commission violated ex post facto prohibitions in subjecting him to conditions of conditional release supervision under Fla. Stat., Section 947.1405(7), for his offenses which predated the 1995 enactment of 947.1405(7).

In *Epperson v. Sec'y*, 2009 U.S. Dist. LEXIS 89444 (M.D. Fla. Sept. 14, 2009), the Court stated:

> To violate the Ex Post Facto Clause, the state must inflict "a greater punishment, than the law annexed to the crime, when committed." *Lynce v. Mathis*, 519 U.S. 433, 117 S. Court. 891, 137 L. Ed. 2d 63 (1997)(quoting *Calder v. Bull*, 3 Dall. 386, 390, 3 U.S. 386, 1 L. Ed. 648 (1798)). An ex post facto law must (1) "apply to events occurring before its enactment" and (2) "disadvantage the offender affected by it" by "altering the definition of criminal conduct or increasing the punishment for the crime." *Id.*, 519 U.S. at 441, 117 S.Ct. at 896 (quoting *Collins v. Youngblood*, 497 U.S. 37, 50, 110 S.Ct. 2715, 2723, 111 L. Ed.2d 30 (1990)).
>
> Petitioner committed his crime in May 1994. At the time Petitioner committed his crime in 1994, the Commission maintained the discretion under Florida Statute §§ 947.1405(2) and (6), Fla. Stat. (Supp. 1992), to set the terms and conditions of release. Florida Statute § 947.1405(2)(Supp. 1992), provided that eligible inmates must "be released under supervision subject to specified terms and conditions" and "a panel of no fewer than two commissioners shall establish the terms and conditions of any such release." Florida Statute § 947.1405(6) (Supp. 1992) further provided:
>
>> Upon receipt of notice as required under s. 947.175, the commission shall conduct a review of the inmate's record for the

5

> purpose of establishing the terms and conditions of the conditional release. **The commission may impose any special conditions it considers warranted from its review of the record.** If the commission determines that the inmate is eligible for release under this section, the commission shall enter an order establishing the length of supervision and the conditions attendant thereto. However, an inmate who has been convicted of a violation of chapter 794 is subject to the maximum level of supervision provided, and that supervision shall continue through the end of the releasee's original court-imposed sentence. The length of supervision must not exceed the maximum penalty imposed by the court.

(emphasis added). Thus, at the time Petitioner committed his conditional-release eligible crime in 1994, the Commission maintained the discretion under Florida Statute §§ 947.1405(2) and (6) to set the terms and conditions of release.

The subsequent addition of subsection 7 to Florida Statute § 947.1405 made certain conditions mandatory for sexual offenders, but did not divest the Commission of its discretionary authority to impose any conditions it believed warranted from a review of the record. The Parole Commission is not retroactively applying § 947.1405(7) to Petitioner to impose special conditions on him as part of his conditional release supervision and his punishment is not increased beyond that in the effect at the time he committed his offense. Therefore, there is not an Ex Post Facto violation in the present case.

The Commission promulgated rules with standard conditions and maintained the discretion to impose additional conditions if deemed warranted. In 1991, the Commission adopted Florida Administrative Rule 23-23.010, which provided for 11 standard conditions of conditional release supervision to be applied to all conditional release eligible offenders. See Fla. Admin. Code R. 23-23.010(4). In addition, Fla. Admin. Code R. 23-23.010(4)(b) provided, as enacted in 1991, provided [sic] as follows:

> hi [sic] addition to these standard conditions, the Commission shall require such special conditions of conditional release supervision as it deems necessary, which may include restitution.

The Florida First District Court of Appeal recently rejected a claim like the Petitioner's in *Grace v. Florida Parole Commission*, 985 So. 2d 1213, 33

> Fla.L.Weekly D1764 (Fla. 1st DCA 2008). The Court upheld the Commission's discretion to place any special conditions on the conditional releasee under Sec. 947.1405(6) that it deems warranted.
>
> The plain language of section 947.1405(6), Fla. Stat. (Supp. 1988 - 2005), constitutes support for the Commission's position and interpretation of its authority. Courts have no authority to change the plain meaning of a clear and unambiguous statute. *State v. Barnes*, 595 So.2d 22 (Fla. 1992). A court must interpret and construe a statute according to the precise language adopted by the legislature. *Florida Gulf Health Systems Agency. Inc. v. Commission on Ethics*, 354 So.2d 932 (Fla. 2d DCA 1978).
>
> Based on the foregoing, the Commission validly imposed the special condition of a curfew on Petitioner. The Petitioner's rights to be free from an ex post facto application of the law were not violated by the imposition of these special conditions. Further, since the application of the condition was in compliance with Florida law, there was no due process violation.

*Id*. at *13-17.

In the instant case, Petitioner committed his crime in February 1993. At that time, the Commission had discretion under Fla. Stat. 947.1405(2) and (6) to set the terms and conditions of Petitioner's release. Fla. Stat. 947.1405(7) did not strip the Commission of its discretionary authority to impose any conditions it deemed warranted. Subsection 7 merely made certain conditions mandatory for sexual offenders. With or without subsection 7, the Commission had discretion to place any special conditions on Petitioner's conditional release supervision. Like Epperson, Petitioner's right to be free from an ex post facto application of the law was not violated by the imposition of these special conditions, and there was no due process violation.

Petitioner has failed to establish that the decision of the state court denying his ex post facto claim was "contrary to" or "an unreasonable application of" Supreme Court precedent.

28 U.S.C. § 2254(d)(1). Accordingly, Ground One does not warrant federal habeas relief.

**Ground Two**

Petitioner claims that his due process rights were violated because he was denied counsel at the revocation hearing. There is no absolute right to counsel at a parole or probation revocation hearing. *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973) (probation revocation). The Supreme Court said:

> It is neither possible nor prudent to attempt to formulate a precise and detailed set of guidelines to be followed in determining when the providing of counsel is necessary to meet the applicable due process requirements. The facts and circumstances in preliminary and final hearings are susceptible of almost infinite variation, and a considerable discretion must be allowed the responsible agency in making the decision. Presumptively, it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim (I) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present. In passing on a request for the appointment of counsel, the responsible agency also should consider, especially in doubtful cases, whether the probationer appears to be capable of speaking effectively for himself.

411 U.S. at 790-791.

After informing Petitioner of his right to counsel at the hearing, the hearing examiner determined that: 1) Petitioner had not presented a colorable claim that he had not committed the alleged violations of the conditions of his supervision; 2) the facts surrounding the alleged violations did not involve complex issues relative to mitigation of the violations; 3) Petitioner was fully capable of understanding the charges and speaking effectively for himself; and 4)

8

the facts involved in the alleged violation were not complex (Dkt. 9-3 at pg. 19). Accordingly, the hearing examiner concluded that appointment of counsel was unnecessary (Id.).

In this action, Petitioner essentially does not contest the factual premise of the violations alleged. He only argues that the conditions were unlawful, and that he was denied counsel during the revocation hearing. Petitioner has shown himself fully capable of articulating his legal claims. Consequently, he has not shown that he had a right to counsel for his revocation hearing.

To the extent Petitioner argues that he was denied due process because he was denied representation by retained counsel at the revocation hearing, his claim also fails. The Supreme Court has specifically left open the question of "whether a probationer or parolee has a right to be represented at a revocation hearing by retained counsel." *Gagnon*, 411 U.S. 778, 784 n.6 ("Since respondent did not attempt to retain counsel but asked only for appointed counsel, we have no occasion to decide in this case whether a probationer or parolee has a right to be represented at a revocation hearing by retained counsel in situations other than those where the State would be obliged to furnish counsel for an indigent."). A federal court may not grant habeas relief on a claim that was previously adjudicated in state court unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court . . ." 28 U.S.C. § 2254(d)(1). Because there is no clearly established Supreme Court law on the issue of whether a probationer or parolee has a right to be represented at a revocation hearing by

retained counsel, Petitioner cannot establish that the decision of the state court was "contrary to" or "an unreasonable application of" Supreme Court precedent. *See Clark v. Crosby*, 335 F.3d 1303, 1308-10 (11th Cir. 2003) (Where no Supreme Court precedent is on point, or the precedent is ambiguous, it cannot be said that the state court's conclusion is contrary to clearly established governing federal law.).

Finally, to the extent that Petitioner asserts that he was denied due process when the hearing examiner failed to continue the revocation hearing to allow counsel to appear on his behalf, the claim has no merit. Petitioner's revocation hearing was originally scheduled for August 24, 2005. The hearing, however, was continued at Petitioner's request so that he could obtain private counsel. The hearing was rescheduled for September 9, 2005. On that date, Petitioner informed the hearing officer that he had retained counsel, but counsel failed to appear. The hearing officer contacted counsel who confirmed that she was retained to represent Petitioner. Therefore, the hearing was rescheduled for September 27, 2005. Counsel thereafter requested another continuance, and the hearing was rescheduled for October 19, 2005. Counsel again contacted the hearing officer and requested a continuance, and the hearing was rescheduled for November 9, 2005. The hearing officer informed counsel that no additional continuances would be granted, and that if she failed to appear on November 9, 2005, the hearing would proceed without her. On November 9, 2005, counsel failed to appear for the hearing, and she did not contact the hearing officer to explain why she failed to appear. Therefore, the hearing commenced without counsel present (See Dkt. 9-3 at pgs. 11-12; 20).

In *Alderman v. Zant*, 22 F.3d 1541 (11th Cir. 1994), the Eleventh Circuit stated:

> When an individual is asserting a denial of a continuance as a basis for habeas corpus relief there must be a showing of an abuse of discretion and that the trial court's actions were so arbitrary as to result in the denial of due process. *Hicks v. Wainwright*, 633 F.2d 1146, 1148 (5th Cir. Unit B 1981). Trial courts are afforded broad discretion in determining whether a continuance should be granted. *Morris v. Slappy*, 461 U.S. 1, 11, 103 S. Court. 1610, 1616, 75 L. Ed. 2d 610 (1983); [citations omitted]. There is no particular mechanistic device for determining whether the denial of a continuance results in a violation of due process. *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S. Court. 841, 849-50, 11 L. Ed. 2d 921 (1964). The answer must be derived from the circumstances of the particular case, especially the reasons presented to the trial judge at the time the request is denied. (Id.)

*Id.*, at 1558, *cert. denied, Alderman v. Thomas*, 513 U.S. 1061 (1994).

Given the fact that the hearing officer had previously continued the revocation hearing on four occasions pursuant to either Petitioner's or his counsel's request, that counsel was informed that no further continuances would be granted beyond November 9, 2005, that counsel did not contact the hearing officer to explain her failure to appear, and that Petitioner was found to be fully capable of speaking on his own behalf, the hearing officer did not abuse her discretion in denying Petitioner's request for another continuance to allow counsel to appear on his behalf.

Accordingly, Ground Two does not warrant federal habeas relief.

**Ground Three**

Petitioner claims that the Commission subjecting him to Condition 4 of his conditions of supervision, that stated in pertinent part that Petitioner shall not use alcohol or intoxicants of any kind, violated his First Amendment right to freely express his religion because he is

11

Catholic, and the condition prevented him from taking wine during communion.

The conditions of conditional release sufficiently restrain the individual to constitute the "custody" which is a condition of seeking habeas relief under 28 U.S.C. § 2241. *See, e.g.*, *Jones v. Cunningham*, 371 U.S. 236 (1963) (parole conditions amount to "custody" so parolee may attack his conviction by habeas petition). Here, however, Petitioner does not seek relief from the conditions of his control release supervision as he is no longer on control release. Instead, Petitioner challenges the revocation of his conditional release supervision. Petitioner's conditional release supervision, however, was not revoked pursuant to a violation of Condition 4. Therefore, Petitioner's claim challenges the conditions of his conditional release supervision while he was on conditional release, not the fact of his current confinement.

A prisoner may seek habeas corpus review for conditions of parole where his failure to comply with those conditions has resulted in the revocation of his supervised release. *See Coleman v. Dretke*, 409 F.3d 665 (5th Cir. 2004). The circumstances at issue in *Coleman* are not present here as Petitioner has not returned to prison as a result of his failure to comply with Condition 4. Instead, he has returned to prison as the result of violations of other conditions of his supervision.

Therefore, Petitioner's claim that Condition 4 violated his right to freely express his religion is not cognizable in this federal habeas action. The writ of habeas corpus is the appropriate federal remedy for a state prisoner challenging the "fact of confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Although Petitioner is challenging the fact of his

confinement in this action, he is not confined as a result of a violation of Condition 4. The alleged deprivation of his right to freely express his religion has not impacted the fact or length of his detention. An action under 42 U.S.C. § 1983 is the appropriate legal vehicle to attack unconstitutional conditions of confinement. *See Wilkinson v. Dotson*, 544 U.S. 74, 84 (2005) (the Supreme Court has repeatedly permitted prisoners to bring § 1983 actions challenging the conditions of their confinement).

Consequently, Ground Three does not warrant federal habeas relief.

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's petition for writ of habeas corpus is **DENIED** (Dkt. 1).

2. The **Clerk** shall enter judgment against Petitioner, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on October 20, 2009.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
*Pro se* Petitioner
Counsel of Record